## The People of the State of Illinois, Defendant in Error, v. William H. Martin, Plaintiff in Error.*

1. INTOXICATING LIQUORS—*necessity of defensive averments in information or indictment for possessing.* An indictment or information need not contain negative, defensive averments that the defendant accused of possessing a still and intoxicants contrary to law had the still without the consent of the Attorney General and the intoxicants without compliance with the exceptions of the Prohibition Act.

2. INTOXICATING LIQUORS—*necessity of preliminary motion to return illegal seizure.* Without preliminary motion for the return of liquor on the ground of illegal seizure or that the court investigate the legality of the seizure, it is not error on a trial for illegal possession to overrule objections to the admissibility of the liquor because of the alleged illegal seizure.

3. INTOXICATING LIQUORS—*erroneous penalty for possession.* Penalties for unlawful possession of intoxicants under the Prohibition Act are fixed by Cahill's St. ch. 43, ¶ 34, which penalizes by fine or imprisonment, but the court cannot impose both.

4. INTOXICATING LIQUORS—*where unauthorized penalty for possessing must be corrected.* Where the trial court has wrongly penalized one convicted of possessing intoxicants by both fine and imprisonment, the Appellate Court cannot correct the error by determining whether the penalty should be fine or imprisonment but will remand the case for the trial court to enter proper judgment.

Error by defendant to the County Court of Franklin county; the Hon. SYDNEY M. WARD, Judge, presiding. Heard in this court at the October term, 1923. Affirmed in part and remanded with directions. Opinion filed March 10, 1924.

J. E. CARR, for plaintiff in error.

ROY C. MARTIN, for defendant in error.

* Received from clerk of Appellate Court, August 8, 1927.

MR. JUSTICE HIGBEE delivered the opinion of the court.

Upon trial before a jury in the county court of Franklin county, a verdict was returned finding plaintiff in error guilty of unlawfully possessing a still and unlawfully possessing intoxicating liquor. The trial was upon an information containing two counts. The first count charged that plaintiff in error on the 25th day of January, 1923, "did then and there unlawfully have and possess a still" and the second count charged that he "did then and there unlawfully have and possess intoxicating liquor," and in both counts it was alleged that the offenses charged were contrary to the form of the statute in such case made and provided and against the peace and dignity of the State of Illinois. The first question raised by plaintiff in error is as to the sufficiency of the information. It is urged that the first count is defective in not negativing the right appellant had to have a still in his possession by permission of the Attorney General. It is also contended that the second count is insufficient in not stating that plaintiff in error did not have the intoxicating liquor in his possession, under the conditions provided in section 8 of the Illinois Prohibition Act, Cahill's St. ch. 43, ¶ 8, under which the having of such liquor in his possession would not have been unlawful.

In answer to these criticisms of the information in this case we deem it sufficient to say that they have been fully considered and disposed of by this court in opinions heretofore filed at the present term in the cases of *People v. Mosley, post,* p. 388, and *People v. Smith, ante,* p. 119. In the opinions in those cases, involving informations containing charges substantially similar to those complained of here, we held that as every possession of intoxicating liquor is prohibited, except it be authorized by said act, it was not necessary to include defensive negative averments in an indictment or information, and the informations

were sustained. What was said concerning those informations in the cases named applies with equal force to the two counts of the information before us here, both as to possession of the still and the intoxicating liquor, and the objections raised by appellant to this information were therefore not well founded.

It is also contended by plaintiff in error that the intoxicating liquor and the still were secured from him by the officers without a legal search warrant, and that it was therefore reversible error for the court to admit them in evidence. We do not find that plaintiff in error made any preliminary motion that the court require this property, claimed to have been illegally seized, to be returned to him. It is true upon such property being offered in evidence, he did object, upon the grounds that it had not been obtained through a legal search warrant. We do not understand that the case of *People v. Brocamp,* 307 Ill. 448, goes to the extent of holding that property unlawfully obtained from a defendant without a search warrant can never be introduced in evidence against such defendant. The doctrine laid down in that case, as we understand it, is, that where the party has not in apt time petitioned the court to investigate the legality of seizure of the property, or has not moved that the court make an investigation and order the property returned if defendant's constitutional rights have been violated, that such property is admissible against defendant even if secured without legal search warrant. That case expressly holds that "an offer of proof made on the trial of a cause raises no other question than that of the competency, relevancy and materiality of the evidence offered. Consequently the court, on an objection being made, cannot be expected to stop the trial of the case and enter upon the trial of a collateral issue as to the source from which the evidence was obtained. This court has repeatedly refused to enter upon the trial of such collateral issues even when the objection

raised to the competency of the evidence was based upon the claim that the evidence had been secured by means of unlawful search and seizure, in violation of defendant's constitutional rights." So in the absence of any preliminary motion by plaintiff in error that this intoxicating liquor and still be returned to him or that the court investigate the legality of the seizure thereof, it was not error for the court to overrule the objections to the admissibility of the same, when made on the trial of this cause.

Complaint is also made that the trial court refused to give certain instructions to the effect that before the still or intoxicating liquor seized could be considered in evidence it should be shown that the same was obtained by means of a legal search warrant. Under our view of the law as above stated it was not error to refuse these instructions.

The court assessed a fine of $200 under the first count and a fine of $1,000 and confinement in the county jail for a period of six months under the second count. The Illinois Prohibition Act does not seem to specifically provide the penalty for the unlawful possession of intoxicating liquor, and for such penalty we must look to division B, of section 33 of that act, Cahill's St. ch. 43, ¶ 34, which provides: "Any person violating the provisions of any permit, or who makes any false record or report required by this Act or violates any of the provisions of this Act, for which offense a special penalty is not prescribed, shall be fined for a first offense not less than $100.00 nor more than $1,000.00, or be imprisoned not less than sixty days, nor more than six months." It is contended by plaintiff in error that under this section a person found guilty may be fined or imprisoned, but that he cannot be both fined and imprisoned, and the argument for the People admits that under the statute the court did not have the authority to assess a penalty of both fine and jail sentence as was done in this case, under

the second count of the information, but asks that this error in the judgment be corrected in this court if possible.

It is manifest that this court cannot take the place of the trial court and determine whether the penalty under the second count of the information should be inflicted by imprisonment or by a fine. That is a matter intrusted by the law to the sound discretion of the judge who presided at the trial. We are therefore of the opinion, as we find no other error in the record than the form of the judgment on the second count, that the judgment on the first count should be affirmed and that as to the judgment on the second count this cause should be and it accordingly is remanded with instructions to the trial court to enter a proper judgment in accordance with the law.

*Affirmed in part and remanded with directions.*